MODERN INDUSTRIAL BANK, RESPONDENT, v. WILLIAM
L. TAUB ET AL., APPELLANTS.

Argued October 2, 1945—Decided October 15, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and
OLIPHANT.

For the appellants, *Irvin M. Lichtenstein*.

For the respondent, *Emerson L. Richards* (*Samuel Backer*,
on the brief).

The opinion of the court was delivered by

PARKER, J.   The suit is by a banking corporation of New
York State, against maker and endorsers of a promissory note
made by the appellant Taub to the order of "Riker & Co. Inc."
and bearing the endorsements of Taub and of appellant Isa-
dor Ostroff, besides others.   Riker & Co., the payees, seem
to have discounted it with Modern Industrial Bank, the
present respondent, plaintiff below.   It was not paid at
maturity, and the bank brought this suit against Taub and
Ostroff "severally and jointly" in the Atlantic Common Pleas.
The defendants answered jointly, with a general denial and
specified eighteen distinct defenses, to which they added a
"reservation" of right to move to strike out the complaint
as not stating any cause of action.   On plaintiff's motion to
strike out the answer and for summary judgment, Judge
Haneman in the Atlantic Pleas struck out twelve of the

eighteen separate defenses, allowing the other six to stand, but some two months later, after a reargument, struck out the remaining six, taking the ground that although he had held previously that the note was subject to the usual defenses as regards the maker, the contract of an endorser was different; and that in view of the rule, enacted into statute by the Negotiable Instruments Act, *R. S.* 7:2–66, that an endorser warrants the validity of the instrument endorsed, the six defenses in question should also be stricken, as to both defendants. The general rule seems well settled. 8 *C. J.* 375, 396. As regards the appellant Ostroff, the case seems clear. The situation of Taub differs to the extent that he was the maker of the note, though he signed also the first indorsement. We are unable to subscribe to the view that the maker of a note to the order of another cuts off whatever defenses he may have as maker by repeating his own signature on the back of his own note. No adequate authority is cited for that proposition and we find none on our examination. It may be well to observe that as between Taub, the maker of the note, and the payees, Riker & Co., the case is apparently open to the defense by Taub that the note was invalid because of our statute relating to real estate brokers, *R. S.* 45:15–1, *et seq.,* in that Riker & Co., a New York corporation, was not a licensed real estate broker of this state, and therefore not entitled to recover commissions as such. *Kenney* v. *Paterson Milk and Cream Co.,* 110 *N. J. L.* 141.

As regards appellant Ostroff, the judgment is affirmed; but as to appellant Taub there will be a reversal and remand for trial.